UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**HELENE KICK;**
**PAUL BARBOUR;**
**GREG DION;**
**GREGORY KAIRIS;**

**COMPLAINT**
**Index No.:)**

   5:24-cv-00594 (GTS/ML)

Plaintiff(s),

   -against-

**COUNTY OF ONONDAGA;**
**DONALD WEBER, DIRECTOR REAL PROPERTY**
**TAX SERVICES, ONONDAGA COUNTY**

Defendant(s

---

     Plaintiff(s), by and through their attorneys, David M. Giglio & Associates, LLC, , as and for a complaint, allege that:

**JURISDICTION AND VENUE**

     1.    Plaintiff(s) **HELENE KICK** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ONONDAGA,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **ONONDAGA,** State of New York which is situate in the Northern District of New York.

     2.    Plaintiff(s) **PAUL BARBOUR** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ONONDAGA,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **ONONDAGA,** State of New York which is situate in the Northern District of New York.

     3.    Plaintiff(s) **GREG DION** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ONONDAGA,** State of New York which is located in the Federal

1

Court for the Northern District of New York and the actions complained of herein occurred in the County of **ONONDAGA,** State of New York which is situate in the Northern District of New York.

       4.      Plaintiff(s) **GREGORY KAIRIS**  (hereinafter referred to as "plaintiff(s)") were or are  residents of the County of **ONONDAGA,**  State of New York which is located in the Federal Court for the Northern District of  New York and the actions complained of herein occurred in the County of **ONONDAGA,** State of New York which is situate in the Northern District of New York.

       5.      Defendant, County of Onondaga and   Donald Weber, in his official capacity only as Director of Real Property Tax Services of Onondaga COUNTY are located within the NORTHERN District of New York.

       6.      Venue is proper in the Northern District of New York since all of the transactions giving rise to the claim occurred within the Northern District.

       7.      The plaintiff(s) assert subject matter jurisdiction since these claims are brought pursuant to the United States Constitution 5th, 8th and 14th Amendments as well as 18 USC section 1983.


## GENERAL ALLEGATIONS

       8.      It is Defendants' custom and policy to obtain a deed to the County of Onondaga through foreclosure of a delinquent taxpayer's real property, sell the property at an Onondaga County Tax Auction/Sale and then refuse to return any surplus funds from those sales to the former owners.

9.      Upon information and belief, plaintiff **HELENE KICK** owned a property known as 7015 LEHMAN STREET situate in the Town of CLAY County of ONONDAGA which was sold at a ONONDAGA County tax auction for a sum of $174,000.00 (One Hundred Seventy Four Thousand Dollars) on or about November 15, 2021.

10.     Upon information and belief, at the time of the tax auction **HELENE KICK** owed local property taxes and penalties in an amount of approximately $34,412 00 (Thirty Four Thousand Four Hundred Twelve Dollars) for the property known as 7015 Lehman Street at the time of the tax auction.

11.     Upon information and belief, plaintiff **PAUL BARBOUR** owned a property known as 8419 TRANSIT LANE situate in the Town of CLAY, County of ONONDAGA which was sold at a ONONDAGA County tax auction for a sum of $52,000.00 (Fifty Two Thousand Dollars) on or about November 13, 2019.

12.     Upon information and belief, at the time of the tax auction **PAUL BARBOUR** owed local property taxes and penalties in an amount of approximately $34,604.00 (thirty Four Thousand Six Hundred Four Dollars) for the property known as 8419 Transit Lane at the time of the tax auction.

13.     Upon information and belief, plaintiff **GREG DION** owned a property known as 7997 BLARNEY STONE WAY situate in the Town of MANLIUS, County of ONONDAGA which was sold at a ONONDAGA County tax auction for a sum of $12,750.00 (Twelve Thousand Seven Hundred Fifty Dollars) on or about November 29, 2019.

14.     Upon information and belief, at the time of the tax auction **GREG DION** owed local property taxes and penalties in an amount of approximately $3,400.00 (Three Thousand

3

Four Hundred dollars) for the property known as 7997 BLARNEY STONE WAY at the time of the tax auction.

15.     Upon information and belief, plaintiff **GREGORY KAIRIS** owned a property known as 8318 Trevi Lane situate in the Town of CLAY, County of ONONDAGA which was sold at a ONONDAGA County tax auction for a sum of $73,000.00 (Seventy Three Thousand Dollars) on or about November 15, 2021.

16.     Upon information and belief, at the time of the tax auction **GREGORY KAIRIS** owed local property taxes and penalties in an amount of approximately $15,000.00 (Fifteen Thousand Dollars) for the property known as 8318 Trevi Lane at the time of the tax auction.

## COUNT I

## TAKING OF  PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE  IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

17.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

18.     Defendants have violated the United States Constitution by taking private property from the plaintiff(s) without a valid public use.

19.     The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

20.     The United States Constitution Fifth Amendment dictates that private property may not be taken "for public use" without just compensation.

21.     Valid public use occurs when the property is taken to satisfy the tax burden associated with the property.  Where the excess equity is also seized, there is no longer valid public use within the meaning of the Fifth Amendment to the US Constitution.

22.     The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

23.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **HELENE KICK** just compensation, or the equity from the tax auctions.

24.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **PAUL BARBOUR** just compensation, or the equity from the tax auctions.

25.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **GREG DION** just compensation, or the equity from the tax auctions.

26.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **GREGORY KAIRIS** just compensation, or the equity from the tax auctions.

## COUNT II

## TAKING OF  PRIVATE PROPERTY WITHOUT JUST COMPENSATION

## IN VIOLATION OF THE UNITED STATES CONSTITUTION

27.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

28.    Defendants have violated the Fifth Amendment to the United States Constitution by taking private property from the plaintiff(s) without just compensation.

29.    The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

30.    The United States Constitution Fifth Amendment dictates that private property may not be taken without 'just compensation.'

31.    Just compensation allows the government to retain the monies from the tax auction to satisfy the plaintiffs property tax debts, but does not allow the government to seize any surplus funds from the tax auction.

32.    The amount of the tax auction for 7015 LEHMAN STREET  was greater than the amount **HELENE KICK** owed in taxes and associated costs to the local government.

33.    The amount of the tax auction for 8419 TRANSIT LANE was greater than the amount **PAUL BARBOUR** owed in taxes and associated costs to the local government.

34.    The amount of the tax auction for 7997 BLARNEY STONE WAY was greater than the amount **GREG DION** owed in taxes and associated costs to the local government.

35.    The amount of the tax auction for 8318 Trevi Lane was greater than the amount **GREGORY KAIRIS** owed in taxes and associated costs to the local government.

36.    The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

37.    42 USC 1983 prevents any person acting under the color of law from depriving any citizen of the United States  their constitutional rights as guaranteed under the United States Constitution.

38.     42 USC 1983 thence directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff(s) just compensation, or the equity from the tax auction.

39.     Plaintiff(s) **HELENE KICK** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 7015 LEHMAN STREET and failed to pay just compensation for the same.

40.     Plaintiff(s) **PAUL BARBOUR** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 8419 TRANSIT LANE and failed to pay just compensation for the same.

41.     Plaintiff(s) **GREG DION** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 7997 BLARNEY STONE WAY and failed to pay just compensation for the same.

42.     Plaintiff(s) **GREGORY KAIRIS** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 8318 Trevi Lane and failed to pay just compensation for the same.


## COUNT III

## DEFENDANTS ARE IN VIOLATION OF THE PLAINTIFF'S RIGHTS

## UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES

## CONSTITUTION


43.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

44.     United States Constitution Eighth Amendment provides that excessive fines shall not be imposed upon private citizens.

7

45.     The defendants have confiscated the entire equity within each of the plaintiff(s) real property.

46.     The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

47.     The defendants are not entitled to keep the entire excess equity after having satisfied the tax debts and associated charges.

48.     By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the the Eighth Amendment to the United States Constitution.

49.     By reason of the defendants violation of the Plaintiff(s) rights under the United States Constitution Eighth Amendment, the Plaintiff(s), have been damaged and is entitled to relief as a result.


## COUNT IV

## DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THE SEIZURE
## OF PLAINTIFFS EQUITY IN THEIR REAL PROPERTY

50.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

51.     The defendants seized plaintiff(s) property in order to satisfy the plaintiff(s) tax debts on said property.

52.     The defendants sold each of the plaintiffs property in an amount above and beyond the amount that the plaintiff owed the defendants for property tax debts and associated costs.

8

53.     The defendants have known that the auctions amounts from said tax auctions exceeded the plaintiff(s) obligations to the defendants.

54.     In spite of knowledge that there were surplus funds from said tax auctions, the defendants have confiscated the same, to the detriment of the plaintiffs, and have been unjustly enriched.

55.     It is inequitable for the defendants to retain the equity from each property where the auctions price exceeded the plaintiff(s) tax obligations.

56.     The plaintiffs have no remedy at law except as asserted in this complaint.

57.     The plaintiff, **HELENE KICK**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 7015 LEHMAN STREET and is entitled to relief as a result.

58.     The plaintiff, **PAUL BARBOUR**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 8419 TRANSIT LANE and is entitled to relief as a result.

59.     The plaintiff, **GREG DION**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 7997 BLARNEY STONE WAY and is entitled to relief as a result.

60.     The plaintiff, **GREGORY KAIRIS**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 8318 Trevi Lane and is entitled to relief as a result.

## COUNT V

## DEFENDANTS HAVE BREACHED THEIR FIDUCIARY DUTY TO PLAINTIFFS

1.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

2.     For each of the Plaintiffs, Defendants assumed a fiduciary duty to Plaintiffs after title to each of Plaintiffs' properties was transferred to the County of ONONDAGA via treasurer's deed.

3.     That fiduciary duty included obtaining fair market value of the properties and returning Plaintiffs equity to Plaintiffs upon making the County of ONONDAGA whole with respect to back taxes and associated costs.

4.     After conducting public auctions pertaining to each of Plaintiffs' properties, the Defendants seized the equity, or surplus proceeds, from each of the respective tax auctions regarding each of the Plaintiffs' Properties.

5.     The Defendants have not offered to return the equity to the Plaintiffs and have seized the Plaintiffs' wealth as their own.

6.     The excess seizure is not rationally related to objectives sought to be achieved, namely, the collection of delinquent taxes.

7.     By Defendants' actions in confiscating the entire equity in the Plaintiffs' real property, not returning the equity to Plaintiffs and in refusing in all respects to return to the Plaintiffs their equity in their real property, Defendants breached their fiduciary duty of loyalty to Plaintiffs who have suffered damages and is entitled to relief, said relief being a return of their surplus funds from the tax sale.

10

**WHEREFORE,** plaintiff, **HELENE KICK,** demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **PAUL BARBOUR,** demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **GREG DION,** demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **GREGORY KAIRIS,** demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

DATED 4/30/2024                    DAVID M. GIGLIO & ASSOCIATES, LLC


By: _____
David M. Giglio & Associates, LLC
David M. Giglio
Attorneys for plaintiff(s)
13 Hopper Street
Utica, NY 13501
Tel. (315) 797-2854

11